UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>SMK TRI-CITIES, INC., a Washington corporation; BENJAMIN MICHAEL NICHOLSON, an individual; JENNA MARIE FLUMERFELT, an individual; PATRICK RYAN FLUMERFELT, an individual; DOES & ROES I – X,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT** |

The Board of Trustees of the Employee Painters' Trust ("Plaintiff" or "Trust"), by and through its counsel, Christensen James & Martin, Chtd., complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by

COMPLAINT
Case No.:

Page 1

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

1 ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trust is administered, the signatory labor organization maintains its office, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES AND GENERAL ALLEGATIONS

5. The Trust is an express trust created pursuant to a written declaration of trust ("Trust Agreement"), consistent with § 302(c) of the LMRA [29 U.S.C. § 186(c)(5)], between various unions and various employer associations and independent employers.

6. The Trust exists to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," and "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3), to which the Defendants named herein are required to make monetary contributions pursuant to the terms of a collective bargaining agreement.

7. The Board of Trustees and the individual Trustees of the Trust are each a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within

COMPLAINT
Case No.:

Page 2

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

the meaning of 29 U.S.C. §§ 1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust and related matters.

8. The Trust was created and now exists pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and is administered in Seattle, Washington.

9. Defendant SMK Tri-Cities, Inc. ("SMK") is a Washington corporation identified by Washington UBI Number 602 459 194 and has operated in the State of Washington under Washington State Department of Labor & Industries License No. SMKTRTI951LO as a construction contractor.

10. Defendant Benjamin Michael Nicholson ("B. Nicholson") is an individual believed to be residing in the State of Washington.

11. Defendant Jenna Marie Flumerfelt ("J. Flumerfelt") is an individual believed to be residing in the State of Washington.

12. Defendant Patrick Ryan Flumerfelt ("P. Flumerfelt") is an individual believed to be residing in the State of Washington.

13. Defendants B. Nicholson, J. Flumerfelt, and P. Flumerfelt, are the primary owners, members, managers, governing persons, officers, directors, principals and/or key employees of SMK, whose employment duties required decision making regarding the operations of SMK, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Trust for each hour of covered labor performed.

14. Defendants B. Nicholson, J. Flumerfelt, and P. Flumerfelt, as officers of SMK, each took actions demonstrating SMK's assent to the CBA (described below), including causing SMK to abide by the terms and conditions of the CBA and Trust Agreement, submitting

COMPLAINT
Case No.:

Page 3

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

remittance reports to the Trust, and paying contributions to the Trust for work periods through March 31, 2025.

15. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise, of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiff at this time and are therefore sued by fictitious names. Plaintiff reserves the right to amend the Complaint to insert additional charging allegations against, together with the true identities and capacities of, such unknown defendants when the same have been ascertained.

16. Since at least 2018 and at all times material herein, SMK has been signatory to and/or bound by that certain collective bargaining agreement entitled "Agreement by and between SMART Sheet Metal, Air, Rail and Transportation Workers' Local Union 55 and Inland Northwest Sheet Metal Contractors Association and Independent Contractors, North Eastern Washington and Northern Idaho; South Eastern Washington and North Eastern Oregon, Covering Sheet Metal, Roofing, Ventilating and Air Conditioning Contracting, Divisions of the Construction Industry" (the "CBA") by and between Sheet Metal and Air Conditioning Contractors Association ("SMACNA") and SMART Sheet Metal, Air, Rail and Transportation Workers' Local Union 55 ("Union").

17. The Trust is informed and believes that at all times material herein SMK has also been a member of SMACNA, and authorized SMACNA to bargain and enter into labor agreements on its behalf, including the CBA, and acting as SMK's bargaining representative and with the intent to bind SMK, SMACNA executed the CBA.

18. At all times material herein, the Union has been a labor organization representing employees in the construction industry in the State of Washington and surrounding areas. The Union represents employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

COMPLAINT
Case No.:

Page 4

Christensen James & Martin, Chtd.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

19. By signing the CBA and/or authorizing the Association to sign the CBA and successor labor agreements and/or amendments thereto, SMK agreed to be bound to the terms and conditions of the CBA, successor agreements, and/or amendments thereto.

20. By the express terms of the CBA, and by contributing to the Trust on behalf of its employees, SMK also agreed to be bound to the Trust Agreement and the Policies and Procedures ("Policies") adopted by the Board of Trustees of the Trust.

21. SMK is an "employer" as that term is understood and defined in the CBA and Trust Agreement, and SMK is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

22. SMK is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

23. The CBA has not been terminated by either party.

24. The CBA imposes on SMK certain reporting and contribution payment obligations to the Trust.

25. The work for which contributions are required to be remitted to the Trust is set forth in the CBA and includes, but may not be limited to, all work performed by any employee performing material handler work under the Building Trades Addendum and any employee performing Residential and/or Light Commercial work under the Residential/Light Commercial Addendum (collectively referred to as "Covered Work").

26. At all times material herein, SMK has been obligated by the terms of the CBA, Trust Agreement, and Policies to submit monthly written reports to the Plaintiff showing all hours of work performed by its employees who perform Covered Work, and to submit these

COMPLAINT
Case No.:

Page 5

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

monthly remittance reports to the Plaintiff even if no Covered Work was performed during a given work month.

27. At all times material herein, SMK has been obligated by the terms of the CBA, Trust Agreement, and Policies to properly pay to the Plaintiff fringe benefit contributions to the Trust on a monthly basis and at specified rates for each and every hour of work performed by its employees who perform Covered Work.

28. As a result of the reporting and payment obligations imposed by the CBA, the Trust is an intended beneficiary of the CBA and SMK is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

29. The monthly reports and contribution payments are due by the fifteenth (15th) day of the month following the month in which the work was performed and are considered delinquent if not remitted by the last day of that month.

30. SMK is required to submit monthly remittance reports to the Trust whether any covered work was performed during the work month to be reported.

31. If SMK fails to timely remit reports or contributions to Plaintiff at its administrative office, the CBA, Trust Agreement, and Policies require SMK to pay, in addition to the contributions owed, interest at the rate of twelve percent (12%) and liquidated damages at the rate of one percent (1%) per month up to twenty percent (20%) until paid for all contributions which are owed, or $100, whichever is greater.

32. The CBA, Trust Agreement, and Policies also require SMK to reimburse the Trust for any attorney's fees and costs incurred because of SMK's delinquencies.

33. The Trust is informed and believes that SMK employees performed Covered Work in April, May, and June 2025 for which contributions are owed to the Trust, but SMK has not submitted remittance reports or payment of contributions to the Trust for such Covered Work.

COMPLAINT
Case No.:

Page 6

Christensen James & Martin, Chtd.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

34. Based on the average contributions reported and paid by SMK to the Trust for work performed in January through March 2025, the Trust estimates that contributions may be in owed in the approximate amount of $12,500.00 for work performed in April, May and June 2025, plus accruing interest and liquidated damages.

35. SMK's report and contribution obligations owed to the Trust under the CBA, Trust Agreement, and Policies are continuing. The Trust is entitled to a judgment for all unpaid contributions, interest, liquidated damages, audit fees, attorney's fees, and costs accrued through the date of entry of such judgment, including the amounts set forth above and any subsequently accruing delinquencies for the Defendants' failure to remit contributions to the Trust on an ongoing basis during any period of time in which SMK is bound to do so under the CBA and Trust Agreement.

36. The CBA and the Trust Agreement provide that the Trust has the authority to audit the payroll books and records of SMK, either directly or through a qualified public accountant, as the Trustees may deem necessary in the administration of the Trust. The CBA further provides that, whenever a payroll audit is authorized, the participating employer shall make its payroll books and records available to the Trustees or their accountants so that they can determine whether the employer has remitted all contractually required fringe benefit contributions.

37. Plaintiff is entitled to audit SMK's payroll and related records to test compliance with the report and payment obligations under the CBA and determine if any additional amounts are owed by SMK to the Plaintiff.

38. SMK has the obligation under the CBA, Trust Agreement, Policies, and applicable law (ERISA, 29 U.S.C. § 1059) to keep and maintain payroll, wage, and other relevant records for work performed by its employees that will allow the Trust to efficiently evaluate whether the company reported and paid contributions accurately and the benefits that

COMPLAINT
Case No.:

Page 7

Christensen James & Martin, Chtd.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

may be due or which may become due to the employees.

39. The Policies state that SMK must maintain the following records and provide them to the Auditor upon request: State Unemployment Insurance Reports/Quarterly Contribution and Wage Reports; List of all employees, including job titles, classifications, and/or description of duties or work performed; Individual employee compensation records (individual payroll earnings records); W-2 and W-3 forms for each employee; Timecards/Time Sheets for each employee; Certified Payroll Reports; Chart of Accounts; General Ledger and/or Cash Disbursement Journals, including account transaction detail, cash disbursements and receipts transactions; Union Trust Fund Remittance Reports; Federal Tax Forms 1099 and 1096; List of Jobs, including the job name, address or location, project owner, general or higher-tiered contractors, and subcontractors; Job Costing Reports or other record of employees and hours of work performed by job (to the extent applicable to the employer's business); A list of Subcontractors, including the type of work performed; A list of related/affiliated employers, companies, or entities, including an explanation of the relationship, if any; and Any other documents or records that will allow the Trust to efficiently evaluate whether hours and contributions were reported accurately ("Audit Documents").

40. If SMK does not keep and maintain records adequate and sufficient to readily identify all types and hours of work performed by all of its employees, then the CBA states that it shall be conclusively presumed that each employee of SMK was engaged in Covered Work for forty (40) hours in each week in which such employee performed any Covered Work for SMK, and fringe benefit contributions due the Trust shall be computed based upon a forty (40) hour week.

41. If SMK does not keep and maintain records adequate and sufficient to readily identify all types and hours of work performed by all of its employees, the Policies state that a rebuttable presumption shall arise that all hours worked by any of its employees, concerning

COMPLAINT
Case No.:

Page 8

Christensen James & Martin, Chtd.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

whom adequate and sufficient records are not kept or maintained, were work hours covered by the CBA.

42. The Policies further state that in the event that SMK fails to cooperate with an Audit or fails to maintain or make available for inspection its records, such that the Auditor is unable to determine the amount of covered hours worked by the employees, determine the amount of contributions owed to the Trust, or determine the benefits due or which may become due to such employees under the terms of the employee benefit plan offered by the Trust, the average annual contributions to the Trust for the previous three (3) years, or $100,000, whichever is greater, shall be deemed owed to the Trust as unremitted contributions for each year covered by the Audit Period.

43. The Trust Agreement and Policies state that if it becomes necessary for the Trustees to retain legal counsel to compel SMK to furnish to, or permit the examination of books or records or information by, the Trustees or their representatives, SMK shall reimburse the Trust for all attorney's fees and court costs and all audit fees incurred by the Trust in connection therewith, whether or not legal proceedings were instituted and whether or not such examination discloses that SMK has failed to make appropriate or timely contributions to the Trust.

44. If an audit reveals an underpayment or deficiency in reporting or payment of contributions, the CBA, Trust Agreement, and Policies require SMK to pay to the Trust the underpaid contributions, plus accrued interest, liquidated damages, audit fees, attorney's fees, and costs.

45. By agreeing to the terms and conditions of the CBA, B. Nicholson, J. Flumerfelt, and P. Flumerfelt, separately agreed to the express terms of the Trust Agreement.

46. Pursuant to the express terms of the Trust Agreement, persons occupying positions akin to those of corporate officers, like B. Nicholson, J. Flumerfelt, and P. Flumerfelt, are personally liable for contributions and related damages owed to the Trust, as follows:

COMPLAINT
Case No.:

Page 9

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Employee Painters' Trust Amended and Restated Trust Agreement, effective January 1, 2015, Article VIII Employer Contributions, Paragraph 8 Liability of Corporate Officers.

47. Whereas B. Nicholson, J. Flumerfelt, and P. Flumerfelt, are the primary owners, shareholders, directors, officers, members, managers, governing persons, principals and/or key employee of SMK, they are responsible for payment of contributions and related damages by SMK to the Trust and are obligated under the terms of the Trust Agreement and Policies to pay any unpaid contributions, interest, liquidated damages, attorney's fees, and costs awarded by the Court.

48. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged, and the damages caused to the Plaintiff and are therefore jointly and severally liable for the damages set forth herein.

## FIRST CAUSE OF ACTION

### [Breach of Contract – SMK Tri-Cities, Inc.]

49. The Plaintiff restates and realleges the above allegations.

50. By the terms of the CBA, Trust Agreement and Policies, SMK was required to timely remit reports and fringe benefit contributions to the Plaintiff for each hour of Covered Work performed by its employees.

51. SMK breached the CBA and Trust Agreement by failing to timely and properly submit reports and/or fringe benefit contributions to the Plaintiff and by failing to pay contract damages as described herein.

COMPLAINT
Case No.:

Page 10

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

52. Pursuant to the CBA and Trust Agreement, SMK agreed that in the event of any contribution delinquency, including any unpaid contributions discovered through Audit, SMK would pay, in addition to any delinquent contributions: (i) interest thereon at the rates established by the Board of Trustees of twelve percent (12%), or at the legal rate, whichever is greater; (ii) liquidated damages thereon in the amount of one percent (1%) per month up to twenty percent (20%) until paid for all contributions which are owed, or $100, whichever is greater; and (iii) all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced.

53. It has been necessary for the Plaintiff to engage the law firm of Christensen James & Martin, Chtd. to enforce the contractual obligations owed to the Plaintiff and collect any and all amounts due.

54. Pursuant to the CBA, Trust Agreement and Policies, SMK owes the Plaintiff contributions calculated or measured by either: i) all hours of labor performed by employees of SMK who perform Covered Work through the date of entry of judgment, or ii) $100,000 for each year audited as unremitted contributions for which adequate Audit Documents were not maintained, plus interest at the contractual rate of twelve percent (12%) on all unpaid contributions from the dates the sums were originally due to Plaintiff through the date of judgment, liquidated damages, reasonable attorney's fees, litigation costs, and auditing costs incurred by Plaintiff as a result of the breaches described herein.

55. Upon entry of judgment, the Plaintiff is entitled to post-judgment interest at the rate set forth in the Trust Agreement, twelve percent (12%), or the highest rate allowed by law.

## SECOND CAUSE OF ACTION

**[Violation of ERISA - 29 U.S.C. § 1145 – SMK]**

56. The Plaintiff restates and realleges the above allegations.

57. By failing to report and pay contributions to the Plaintiff in accordance with the

COMPLAINT
Case No.:

Page 11

Christensen James & Martin, Chtd.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

CBA, SMK has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the CBA, and pursuant to Section 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit costs, attorneys' fees, and costs incurred in enforcing the terms of the CBA and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

58. Under 29 U.S.C. § 1132(g)(2)(C), in addition to the interest owed under 29 U.S.C. § 1132(g)(2)(B), the Plaintiff is entitled to an amount equal to the interest or liquidated damages calculated according to the terms of the governing agreements, whichever is greater.

59. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Trust is entitled to such other equitable relief as the Court deems appropriate, including but not limited to an order compelling the Defendants to submit monthly remittance reports to the Trust and submit its records to the Trust for an audit.

60. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to their beneficiaries.

61. Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff's or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

62. Plaintiff is likely to prevail on the merits of its claims.

63. Plaintiff is entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and other applicable law affirmatively compelling SMK to timely submit all monthly remittance reports, pay all contribution amounts and related damages to the Plaintiff, and comply with an audit.

64. Plaintiff is entitled to all remedies provided by ERISA as and for compensation

COMPLAINT
Case No.:

Page 12

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

for the Defendants' violations.

## THIRD CAUSE OF ACTION

**[Breach of Written Trust Agreement – Benjamin Michael Nicholson, Jenna Marie Flumerfelt, and Patrick Flumerfelt]**

65. Plaintiff restates and realleges the above allegations.

66. The CBA incorporates the terms of the Trust Agreement. The Trust Agreement for the Trust contains an express provision imposing personal liability for unpaid contribution and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer required to make such contributions.

67. At all times material herein, B. Nicholson, J. Flumerfelt, and P. Flumerfelt, as the owners, officers, directors, and governors of SMK, occupied positions equivalent to that of a corporate officer, were responsible for making payment of contributions to the Plaintiff, became personally and individually bound and liable to the Trust pursuant to the express terms of the Trust Agreement governing the Trust for the contributions and related damages owed to those Trust by SMK.

68. B. Nicholson, J. Flumerfelt, and P. Flumerfelt are personally liable for all unpaid fringe benefit contributions and contract damages, plus accruing interest, liquidated damages, attorney's fees and costs of suit, and audit costs owed by SMK to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:

1. For the Court's Order enjoining SMK from failing to timely pay to Plaintiff delinquent amounts, including those amounts that may be discovered by audit or as otherwise incurred in the normal course of business;

COMPLAINT
Case No.:

Page 13

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

2. For the Court's Order compelling SMK to deliver to Plaintiff monthly remittance reports on a timely basis detailing all Covered Work performed;

3. For the Court's Order compelling SMK to deliver or make available to Plaintiff all information and documents necessary to permit Plaintiff's auditors to perform payroll compliance audits deemed necessary and proper by Plaintiff;

4. For an order compelling SMK to deliver to Plaintiff monthly remittance reports and payments detailing all Covered Work performed;

5. For an order enjoining SMK from failing to timely pay future contribution amounts to Plaintiff as they become due;

6. For the Court's award of $12,500.00, plus accruing interest and liquidated damages, for Covered Work performed during the unreported and unpaid April through June 2025 work periods;

7. For the Court's award of $100,000 for each year covered by an audit as unremitted contributions, should the Court determine that SMK failed to maintain and/or provide Audit Documents to the Plaintiff's auditor;

8. For all unpaid fringe benefit contributions as set forth herein, as may be determined by audit, or in amounts to be proven at trial;

9. For liquidated damages in the amounts provided by the CBA, Trust Agreement, and/or as authorized by ERISA, including 29 U.S.C. § 1132(g)(2)(C);

10. For pre-judgment interest on all delinquent contributions at the contractual rates and/or as authorized by ERISA, including 29 U.S.C. § 1132(g)(2)(B), accruing from the dates the contributions were due until the date of judgment;

11. For Plaintiff's reasonable attorneys' fees, litigation costs, and auditing costs incurred in connection with the investigation and prosecution of this action, as provided by the CBA, Trust Agreement(s), and ERISA, including 29 U.S.C. § 1132(g)(2);

COMPLAINT
Case No.:

Page 14

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*

12. For post-judgment interest pursuant to 28 U.S.C. § 1961, at the rate prescribed by federal statute, computed daily and compounded annually, from the date of entry of judgment until paid in full; and

13. For such additional legal and equitable relief as may be provided by ERISA, 29 U.S.C. § 1132, and as this Court deems just and proper.

Dated: August 29, 2025

**CHRISTENSEN JAMES & MARTIN, CHTD.**

By: /s/ *Wesley J. Smith*
Wesley J. Smith, Esq.
WSBA No. 51934
7440 W. Sahara Ave.
Las Vegas, NV 89117
P. (702) 255-1718
F. (702) 255-0871
wes@cjmlv.com
*Counsel for Plaintiff*

COMPLAINT
Case No.:

Page 15

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Ave., Las Vegas, NV 89117
T: (702) 255-1718 / wes@cjmlv.com
*Counsel for the Plaintiff*